NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 13, 2016
Decided June 20, 2016

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-3329

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:13-cv-08867 |
| ANISH DAVE, ALSO KNOWN AS | |
| ANISH NARENDRAKUMAR PATEL, | Jorge L. Alonso, |
| *Defendant-Appellant*. | *Judge*. |

## O R D E R

This is a straightforward immigration appeal brought by Anish Dave, who was born in India and later naturalized as a United States citizen in 2005. Before he was naturalized, Dave was charged with aggravated criminal sexual assault of a minor, and he pleaded guilty to this charge after he was naturalized. As this order will discuss, Dave was statutorily ineligible for naturalization when he received his certificate of citizenship. We therefore affirm the district court's decision, based on Dave's illegal procurement of his citizenship, to grant summary judgment in the government's favor.

Dave was a lawful permanent resident when he applied for naturalization on May 17, 2004. Four days later, he had intercourse with a 15-year-old girl in Illinois. He was 25. Within another week, Dave was arrested and charged with aggravated criminal sexual abuse of a minor. As his criminal case unfolded, Dave was interviewed for naturalization in February 2005, and his naturalization application was approved that month. The parties disagree on whether Dave properly disclosed his Illinois criminal charge during this process. Dave became a naturalized citizen in March 2005.

One year after receiving naturalized citizenship, Dave pleaded guilty in Illinois state court to aggravated criminal sexual abuse of a minor. The statute under which he was charged defines the crime as "commit[ting] an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age [when] the [defendant] is at least 5 years older than the victim." 720 ILCS 5/11-1.60(d). By pleading guilty, Dave acknowledged that he sexually abused the 15-year-old girl with whom he had intercourse. The Illinois court sentenced Dave to 24 months of probation.

In December 2013, the United States filed this civil suit against Dave, asking the court to find that Dave was statutorily ineligible for naturalization when his citizenship was conferred. The government filed a motion for summary judgment, which Dave opposed. He urged that he did not commit a crime of moral turpitude, which would have statutorily disqualified him for naturalization. He further argued that, if his crime had been known to United States Citizenship and Immigration Services (USCIS), there would still be a genuine question of material fact over whether USCIS would have denied his application for citizenship. The district court granted summary judgment in the government's favor, and Dave now appeals that judgment to this court.

Denaturalizing an American citizen is not done lightly, given the value placed on the right to acquire citizenship and given the severely unsettling consequences that can flow from a divested citizenship. *See Fedorenko v. United States*, 449 U.S. 490, 505 (1981); *see also United States v. Firishchak*, 468 F.3d 1015, 1023 (7th Cir. 2006). The government bears the heavy burden of justifying revocation by evidence that is "clear, unequivocal, and convincing" and does not leave "the issue in doubt." *Fedorenko*, 449 U.S. at 505 (citations and internal marks omitted). As the Supreme Court has emphasized, "Any less exacting standard would be inconsistent with the importance of the right that is at stake." *Id.* at 505–06. Yet we are also obligated to protect strict compliance with every congressional requirement for naturalization. *Id.* at 506. If an applicant fails to satisfy any condition, his certificate of citizenship is illegally procured and can be set aside. *Id.*

To be statutorily eligible for naturalization in the United States, an applicant must be "a person of good moral character" during the five years leading up to the filing date of his naturalization application. 8 U.S.C. § 1427(a); 8 C.F.R. § 316.10(a)(1). Committing a crime which reflects adversely on the applicant's moral character will disqualify the applicant from obtaining citizenship. 8 C.F.R. § 316.10(b)(3)(iii). Committing a crime of moral turpitude will also render the applicant ineligible. 8 C.F.R. § 316.10(b)(2)(i).

Dave chose to have intercourse with a 15-year-old girl, who was legally unable to consent because this society has decided to protect its minors from sexual abuse. Under the relevant Illinois statute, the minimum age difference that can be punished is a 22-year-old molesting a 16-year-old. In this case, the facts are even worse than what the statute would punish: Dave was 25, while his victim was 15. This is a crime under Illinois law; this is a crime which reflects adversely on his moral character.

We thus apply Section 316.10(b)(3)(iii) in a direct manner: by pleading guilty to aggravated criminal sexual abuse of a minor, Dave admitted a crime which reflected adversely on his moral character.[1] By admitting this crime which reflected adversely on his moral character, Dave rendered himself statutorily ineligible for naturalization in this country. As a result, Dave's guilty plea disqualified him from naturalization before he received it. We recognize that the district court found a factual dispute regarding what Dave disclosed to USCIS. Yet whether or not Dave told USCIS that he was facing a sexual-abuse charge, the law dictates the same outcome. The independent fact of his crime required, and continues to require, that Dave cannot hold citizenship.

In short, we find no genuine issue of material fact in this case. Dave was statutorily ineligible for naturalization, which requires setting aside his certificate of citizenship. The district court's judgment in the government's favor is thus AFFIRMED.

---

[1] While Dave also appeals the district court's finding that he committed a crime of moral turpitude under Section 316.10(b)(2)(i), we do not reach the moral-turpitude issue because we conclude that Dave was statutorily ineligible for naturalization under Section 316.10(b)(3)(iii).